IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
   v.                          )         1:15CR133-1
                               )
AMANDA DARLENE GREENE,         )
                               )
           Defendant.          )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on pro se Defendant's "Claim for Exemption Form" (Docket Entry 51) (the "Exemption Form") and "Opposition to the Government's Request to Garnish Defendant's Account" (Docket Entry 57) (the "Opposition"). The Exemption Form requests certain exemptions (the "Exemption Request") from "Writ[s] of Continuing Garnishment" (the "Writs") issued to MetLife, Inc. ("MetLife") (Docket Entry 47) and Tradestation Securities, Inc. ("Tradestation," and collectively with MetLife, the "Garnishees") (Docket Entry 49). (See Docket Entry 51 at 1-2.) The Exemption Form also "request[s] a court hearing to decide the validity of [Defendant's] claim[] [of exemptions]" (the "Hearing Request"). (Id. at 2.) Further, through her Opposition, Defendant asks for "court appointed counsel to represent [her] in these matters." (Docket Entry 57 at 4 (the "Counsel Request").) For the reasons

that follow, the Hearing Request and the Counsel Request will be denied, and the Exemption Request should be denied.[1]

## I. BACKGROUND

Defendant pleaded guilty in this Court to one count of "Theft of Government Funds" (Docket Entry 31 at 1 (Judgment in a Criminal Case (the "Criminal Judgment"))). (See Docket Entry dated Oct. 27, 2015.) As a result, the Court sentenced Defendant to 12 months and one day of imprisonment followed by three years of supervised release, and ordered Defendant to pay a $100 special assessment and $162,562.40 in restitution to the Social Security Administration. (Docket Entry 31 at 2-6.) The Court ordered payment of the full amount of restitution "immediately." (Id. at 6 (ordering "[l]ump sum payment of $162,662.40 due immediately"); see also Docket Entry 42 at 46-47 (oral sentencing order twice stating that restitution "is due and payable immediately").)

---

[1] Because the Exemption Request effectively seeks to terminate an ancillary proceeding in aid of the Court's Judgment in this case, the undersigned Magistrate Judge will enter a recommendation as to that matter. See United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (concluding that ruling that would resolve garnishment proceeding required entry of final order by district judge). However, the undersigned Magistrate Judge will dispose of the Hearing Request and Counsel Request by order. See United States v. Flores, No. 1:10CR332-2, 2012 WL 1463602, at *3-*8 (M.D.N.C. Apr. 27, 2012) (declining to appoint counsel to represent the defendant in "post-conviction, criminal monetary judgment collection activity"); United States v. Pettigrew, No. 3:10-CV-2142-M, 2011 WL 900545, at *1-*2 (N.D. Tex. Mar. 14, 2011) (denying motion for hearing under 28 U.S.C. §§ 3202(d) and 3205(c)(5)).

-2-

As of April 4, 2016, the full amount of restitution remained outstanding. (Docket Entry 43 at 1; Docket Entry 44 at 1.) Accordingly, the United States filed applications for the Writs (Docket Entries 43, 44), which the Clerk issued to the Garnishees (Docket Entries 47, 49). The Clerk also sent Defendant notices of the Writs. (Docket Entries 48, 50 (the "Notices").) Per their answers to the Writs, MetLife has in its "custody, control or possession . . . property of [Defendant]" in the form of a "Life Insurance [Policy]" with a "[s]urrender [v]alue [of] $17,935.07" (the "Life Insurance Policy") (Docket Entry 56 at 2), and Tradestation has in its "custody, control or possession . . . property of [Defendant]" in the form of an "Ind[ividiual] Futures Acc[oun]t" with a value of "$9,260.84" (the "Securities Account") (Docket Entry 53 at 2).

In response to the Notices, Defendant filed the Exemption Form. On the Exemption Form, Defendant selected the following categories of "exemption(s) from enforcement":

1. Wearing apparel and school books. --Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

2. Fuel, provisions, furniture, and personal effects. --So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed $9,120 in value.

3. Books and tools of a trade, business, or profession. --So many of the books, and tools

-3-

Case 1:15-cr-00133-WO   Document 60   Filed 06/03/16   Page 3 of 14

>     necessary for the trade, business, or profession of
>     the debtor as do not exceed in the aggregate $4,560
>     in value.
>
> . . . .
>
> 5.  Undelivered mail. --Mail, addressed to any person,
>     which has not been delivered to the addressee.
>
> 6.  Certain annuity and pension payments. --Annuity or
>     pension payments under the Railroad Retirement Act,
>     benefits under the Railroad Unemployment Insurance
>     Act, special pension payments received by a person
>     whose name has been entered on the Army, Navy, Air
>     Force, and Coast Guard Medal of Honor roll (38
>     U.S.C. 1562), and annuities based on retired or
>     retainer pay under Chapter 73 of Title 10 of United
>     States Code.
>
> . . . .
>
> 12. Assistance under Job Training Partnership Act.
>
>     -- Any amount payable to a participant under the
>     Job Training Partnership Act (29 U.S.C. 1501 et
>     seq.) from funds appropriated pursuant to such Act.

(Docket Entry 51 at 1-2.) Defendant checked these categories of exemptions and marked the appropriate area to request a hearing, but provided no grounds for these exemptions or the hearing. (See id. at 1-3; see also Docket Entry 57.)

The United States responded to the Exemption Form, contending that "[a] hearing in this matter is not necessary because [it] does not seek to garnish any of the property . . . Defendant claims as exempt." (Docket Entry 55 at 5.) Instead, the United States contends that it only "seeks to garnish Defendant's interest in

-4-

[the] [S]ecurities [A]ccount at Tradestation . . . and the cash value of [the] [L]ife [I]nsurance [P]olicy with MetLife." Id.[2]

## II. ANALYSIS

### A. Exemption Request

"The sole exemptions available to a criminal debtor owing restitution are found in 18 U.S.C. § 3613(a)," United States v. Blondeau, No. 5:09-CR-117, 2011 WL 6000499, at *2 (E.D.N.C. Nov. 1, 2011), recommendation adopted, slip op. (E.D.N.C. Nov. 30, 2011), which states as follows:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law

---

[2] After the United States responded, Defendant filed the Opposition. (Docket Entry 57.) The Opposition does not contest the United States' assertion that the garnishment concerns only non-exempt property, such that no need exists for a hearing. (See id.) Instead, the Opposition contends that, "[a]t Defendant's sentencing, the District Court did not order that Defendant owed the restitution amount immediately," but "ordered Defendant to pay the restitution through monthly installments" (id. at 1), and that, therefore, "[t]he [United States] lacks authority to garnish Defendant's [Life Insurance Policy] and [Securities Account]" (id. at 3). However, the Court's oral sentencing order and Criminal Judgment both explicitly order that Defendant must pay the full amount of restitution "immediately." (Docket Entry 31 at 6; Docket Entry 42 at 46-47.) Moreover, "the existence of [a court-imposed payment] schedule does not mean that the [United States] is precluded from pursuing other avenues of ensuring that [D]efendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment." United States v. James, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004) (footnote omitted). Defendant's argument that the Court's oral sentencing order or her Criminal Judgment precludes the United States from garnishing her property thus fails.

-5-

> (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that --
>
>> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>>
>> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>>
>> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) [(the "CCPA")] shall apply to enforcement of the judgment under Federal law or State law[,]

18 U.S.C. § 3613(a). "The plain language of subpart (2) excludes the exemptions provided for under the Fair Debt Collection Procedure[ Act (the "FDCPA")] and is not at issue in this case." Blondeau, 2011 WL 6000499, at *3. Subpart (3) similarly does not apply, as it places a 25% limit on garnishment of "disposable earnings." 15 U.S.C. § 1673(a).

In that regard, the CCPA provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of h[er] disposable earnings for that week, or (2) the amount by which h[er] disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . ., whichever is less." Id. The CCPA defines "disposable earnings" as "that part of the

-6-

earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b). It further defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). Defendant does not contend that the cash value of the Life Insurance Policy or the contents of the Securities Account qualify as "earnings" under the CCPA (see Docket Entry 51), and the undersigned Magistrate Judge finds no basis to apply the 25% cap in this case, see Blondeau, 2011 WL 6000499, at *3 (observing that once funds are passed to a retirement account or annuity, they "are not 'earnings' under the CCPA, and thus not subject to the 25% cap"); see also id. (noting that, "the Supreme Court has explained that 'earnings' under [the CCPA] are 'limited to periodic payments of compensation and do not pertain to every asset that is traceable in some way to such compensation'" (quoting Kokoszka v. Belford, 417 U.S. 642, 651 (1974))).

The Exemption Request thus turns on subpart (1), which "indicates that the only exemptions for the criminal debtor owing restitution are set out in the referenced provisions of 26 U.S.C. § 6334(a) of the Internal Revenue Service Code." United States v. Lazorwitz, 411 F. Supp. 2d 634, 637 (E.D.N.C. 2005). Those exemptions consist of: "(1) wearing apparel and school books; (2)

-7-

fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act." United States v. Jenkins, No. 3:05CR244, 2014 WL 202007, at *2 (E.D. Va. Jan. 17, 2014). "A debtor who contests a writ of garnishment bears the burden of showing [s]he is entitled to an exemption." United States v. Page, No. 1:13CV119, 2013 WL 2945070, at *5 (N.D. W. Va. June 14, 2013).

In this case, Defendant's Exemption Request asserts that six section 3613(a)(1) exemption categories prevent garnishment of the cash value of the Life Insurance Policy and the contents of the Securities Account. (See Docket Entry 51 at 1-2.) When considering similar garnishment challenges, courts routinely hold that neither the cash value of a life insurance policy nor the contents of a securities account constitute exempt property under any exemption listed in section 3613(a)(1). See, e.g., United States v. Burt, No. 09MC51117, 2010 WL 3475954, at *2-*3 (E.D. Mich. Mar. 22, 2010) (recommending "denying the [d]efendant's [o]bjections to the [w]rit of [g]arnishment and [m]otion to [q]uash [w]rit" because "[l]ife insurance policies are omitted from the list of exempt property under § 3613(a)"), recommendation adopted,

-8-

slip op. (E.D. Mich. Sept. 2, 2010); <u>United States v. Schubert</u>, No. 5:05-cr-78-HE-1, 2006 WL 1804556, at *1, *3 (W.D. Okla. June 28, 2006) (denying the defendant's claim for exemption because "none of the . . . enumerated exemption provisions contained in 18 U.S.C. § 3613(a) are applicable" to her retirement account, life insurance policy, mutual fund account, or stock account). Therefore, no exemption listed in 18 U.S.C. § 3613(a)(1), including the exemptions Defendant selected on her Exemption Form, applies to the Life Insurance Policy or the Securities Account. As a result, the Court should deny the Exemption Request and order the Garnishees to comply with the Writs.

**B. Hearing Request**[3]

The Exemption Form further requests a hearing to determine the validity of Defendant's claimed exemptions. (Docket Entry 51 at 2.) The FDCPA provides instructions regarding how a criminal defendant can challenge garnishment. <u>See</u> 28 U.S.C. §§ 3202(b), 3202(d), 3205(c)(5). In particular, the FDCPA authorizes a debtor to request a hearing on a writ of garnishment. 28 U.S.C. §

---

[3] Although Defendant's Exemption Form "request[s] a court hearing to decide the validity of [Defendant's] claim[] [of exemptions]" (Docket Entry 51 at 2), in her subsequent Opposition, Defendant twice marked through the word "hearing," and instead requested that the Court "schedule a <u>ruling</u> in th[is] . . . matter" (Docket Entry 57 at 5 (emphasis added)). It therefore appears that Defendant may no longer desire a hearing regarding the validity of her claimed exemptions. Nevertheless, the undersigned Magistrate Judge will evaluate the Hearing Request.

-9-

3202(d). The FDCPA, however, imposes significant limitations on the issues that the Court will consider at such a hearing. See id. Specifically,

> [t]he issues at such hearing shall be limited --
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to --
>
> > (A) the probable validity of the claim for the debtor which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.

Id. Courts routinely deny a request for "hearing where the debtor did not object based on one of the issues specified in [section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation." Page, 2013 WL 2945070, at *4 (brackets in original) (internal quotation marks omitted) (denying the defendant debtor's request for a section 3202(d) hearing and collecting cases).[4]

---

[4] A criminal defendant subject to garnishment may also request a hearing to object to a garnishee's "answer." 28 U.S.C. § 3205(c)(5); see also United States v. Womack, No. 1:12CR176-1, 2014 WL 1757366, at *2 n.1 (M.D.N.C. Apr. 30, 2014) (observing that "[a] hearing pursuant to 28 U.S.C. § 3202(d) to quash a writ of

-10-

In this case, Defendant has not shown entitlement to a hearing on any issue enumerated in 28 U.S.C. § 3202(d)(1)-(3). Defendant neither challenges the United States' compliance with any statutory requirement, see 28 U.S.C. § 3202(d)(2), nor contends that her restitution resulted from a default, see 28 U.S.C. § 3202(d)(3). (See Docket Entries 51, 57.) Moreover, the United States does not contest the "probable validity" of any of the exemptions Defendant purports to claim under section 3613(a)(1), and those exemptions do not apply in this case. See, e.g., United States v. Taylor, No. 2:99CR13, 2007 WL 87746, at *2 (W.D.N.C. Jan. 9, 2007) (deeming section 3202(d) hearing inapplicable where the defendant's claimed exemption did "not relate to the [property]" the United States sought to garnish and "[t]here [wa]s no issue concerning the exemption"). Because the Exemption Form does not raise a valid

---

garnishment is distinct from a hearing pursuant to 28 U.S.C. § 3205(c)(5), in which a debtor may challenge the information provided by a garnishee"), recommendation adopted, slip op. (M.D.N.C. June 11, 2014). In this case, Defendant dated and filed her Exemption Form before the Garnishees answered the Writs. (Compare Docket Entry 51 (Exemption Form dated Apr. 19, 2016, and filed Apr. 22, 2016), with Docket Entry 53 (Tradestation's answer dated Apr. 20, 2016, and filed Apr. 26, 2016), and Docket Entry 56 (MetLife's answer dated Apr. 28, 2016, and filed May 5, 2016).) Additionally, the Exemption Form asserts no objection to the Garnishees' answers. (See Docket Entry 51.) Moreover, the Opposition, filed after the Garnishees answered, does not request a hearing or contest any information contained in the Garnishees' answers. (See Docket Entry 57.) Accordingly, Defendant does not seek, and possesses no right to, a hearing under section 3205(c)(5). See Page, 2013 WL 2945070, at *5 (declining to hold a hearing under section 3205(c)(5) because the defendant's "request for hearing was not in response to the garnishee's answer").

-11-

objection to the Writs based on one of the issues enumerated in section 3202(d), Defendant has not shown entitlement to a hearing. See, e.g., United States v. Karadzhova, No. 3:12-cr-36, 2013 WL 4026903, at *1 (W.D.N.C. Aug. 7, 2013) (denying hearing request because "there [wa]s no valid exemption that applie[d] to [the] [d]efendant," he did not challenge the United States' compliance with the statutory requirements in seeking a writ, and the judgment did not arise from default); United States v. Bullock, No. 3:03CR218, 2011 WL 486233, at *2 (W.D.N.C. Feb. 7, 2011) (determining that the defendant "[wa]s not . . . entitled to . . . a hearing on the request for [w]rit" where he "raised no valid objection to the [w]rit" under section 3202(d)).[5]

**C. Counsel Request**

Through her Opposition, Defendant also requests court-appointed counsel to represent her in this garnishment proceeding. (Docket Entry 57 at 4.) Defendant provides no authority for the Counsel Request (see id. at 1-6), and neither the Criminal Justice Act nor the federal In Forma Pauperis statute permit appointment of counsel in this post-conviction collection proceeding.

First, the Criminal Justice Act, 18 U.S.C. § 3006A, does not entitle Defendant to court-appointed counsel in post-conviction

---

[5] Should Defendant possess evidence supporting her Exemption Request, she may file a motion for reconsideration with the Court, producing said evidence and explaining the reasons why an exemption would apply in her case.

-12-

litigation involving the collection of her criminal restitution. See United States v. Flores, No. 1:10CR332-2, 2012 WL 1463602, at *3-*7 (M.D.N.C. Apr. 27, 2012). Second, Defendant has not "'show[n] that [her] case is one with exceptional circumstances,'" as required for appointment of counsel under the federal In Forma Pauperis statute. Id. at *7 (quoting Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987)). In that regard, "'it is [not] apparent . . . that . . . pro se [Defendant] has a colorable [defense to the garnishment] but lacks the capacity to present it.'" Id. (emphasis omitted) (quoting Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)). Under these circumstances, the undersigned Magistrate Judge declines to appoint counsel to represent Defendant in this post-conviction collection proceeding. Defendant remains free to file a future motion for appointment of counsel if circumstances change or considerations not now apparent exist that would justify such appointment.

### **III. CONCLUSION**

In sum, the cash value of the Life Insurance Policy and the contents of the Securities Account do not qualify for exemption from garnishment under 18 U.S.C. § 3613(a), and Defendant has not shown entitlement to either a hearing under 28 U.S.C. § 3202(d) or to appointment of counsel in this post-conviction collection proceeding.

-13-

**IT IS THEREFORE ORDERED** that Defendant's Hearing Request (Docket Entry 51 at 2) and Counsel Request (Docket Entry 57 at 4) are **DENIED.**

**IT IS RECOMMENDED** that Defendant's Exemption Request (Docket Entry 51 at 1-2) be denied and that the Garnishees be ordered to remit to the United States all monies and property of Defendant that they have held for her benefit since the service of the Writs.

                                          /s/ L. Patrick Auld
                                       **L. Patrick Auld**
                              **United States Magistrate Judge**

June 3, 2016